UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
GILBERTO OCHOA GODINEZ,                          Civ. Action No.:

                Plaintiff,

  -against-

TOP OF THE LINE LANDSCAPING INC. and
TIMOTHY DUBRISKE,

                Defendants.
-------------------------------------------------------------------X

## COMPLAINT

Plaintiff, GILBERTO OCHOA GODINEZ ("Plaintiff"), as and for his Complaint against Defendants, TOP OF THE LINE LANDSCAPING INC. and TIMOTHY DUBRISKE (collectively, "Defendants"), respectfully alleges as follows:

### JURISDICTION AND VENUE

1. Plaintiff brings this action under the Fair Labor Standards Act (hereinafter, the "FLSA"), 29 U.S.C. §§ 201 *et seq.*, Articles 6 and 19 of the New York Labor Law (hereinafter, "NYLL"), and the New York Codes, Rules, and Regulations, Part 142 (hereinafter, the "Regulations"), to recover unpaid overtime compensation and for other relief.

2. Jurisdiction over Plaintiff's FLSA claim is based upon Section 216(b) of the FLSA, 29 U.S.C. § 216(b), and upon 28 U.S.C. § 1331.

3. The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367(a) because these claims are so related to the FLSA claim that they form part of the same case or controversy.

4. Venue in this district is appropriate under 28 U.S.C. §1391(b)(2) because a substantial part of the events giving rise to these claims occurred in this judicial district.

## PARTIES

5. Plaintiff is a resident of the State of New York.

6. Defendants are in the landscaping business servicing Long Island homeowners.

7. According to the New York State Department of State, Division of Corporations, Defendant Top of the Line Landscaping Inc. ("Top of the Line Landscaping") is a New York domestic business corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. According to the New York State Department of State, Division of Corporations, Defendant Top of the Line Landscaping maintains a Principle Executive Office located at 300 Rose Lane, Smithtown, New York 11787.

9. Upon information and belief, Defendant Top of the Line Landscaping maintains a principle place of business located at 168 Town Line Road, Kings Park, New York 11754.

10. At all relevant times, Defendant Top of the Line Landscaping maintained control, oversight, and direction over Plaintiff, including timekeeping, payroll, and other employment practices applied to him.

11. Upon information and belief, Defendant Top of the Line Landscaping was and continues to be owned, operated, and controlled by Defendant Timothy Dubriske ("Dubriske").

12. Upon information and belief, Defendant Dubriske is a resident of the State of New York.

13. Upon information and belief, at all relevant times, Defendant Dubriske was and continues to be an owner, corporate officer, director, and/or managing agent of Defendant Top of the Line Landscaping.

14.     Upon information and belief, at all relevant times, Defendant Dubriske exercised operational control over Defendant Top of the Line Landscaping, controlled significant business functions of Defendant Top of the Line Landscaping, determined employee salaries, made hiring decisions, and acted on behalf of and in the interest of Defendant Top of the Line Landscaping in devising, directing, implementing, and supervising the wage and hour practices and policies relating to its employees, including Plaintiff.

15.     At all relevant times, Defendant Dubriske participated in running the daily operations of Defendant Top of the Line Landscaping and its landscaping business.

16.     At all relevant times, Defendant Dubriske participated in the management and supervision of Plaintiff and his work for Defendants.

17.     At all relevant times, Defendant Dubriske maintained control, oversight, and direction over Plaintiff, including timekeeping, payroll, and other employment practices applied to him.

18.     Upon information and belief, at all times relevant, Defendants jointly employed Plaintiff as a landscaper.

19.     Defendants had substantial control over Plaintiff's working conditions and over the unlawful policies and practices alleged herein.

20.     Defendants are covered employers within the meaning of the FLSA and the NYLL, and, at all relevant times, jointly employed Plaintiff.

## **FACTS**

21.     Plaintiff was employed by Defendants from in or about March 2000 until on or about July 1, 2020.

22. During the relevant period of Plaintiff's employment with Defendants (from six years prior to the filing of this Complaint through the end of his employment), Plaintiff was employed as a landscaper for the benefit of and at the direction of Defendants at their landscaping business.

23. At all times relevant to this action, Plaintiff's primary duties included cutting grass, trimming trees, and planting plants.

24. At all times relevant to this action, Defendants did not require Plaintiff to sign in at the beginning of his shifts or to sign out at the end of his shifts.

25. Upon information and belief, Defendants failed to keep and maintain time records for the time that Plaintiff worked each day and week.

26. From about the end of December through about mid-March each year, Plaintiff did not work overtime hours.

27. From about mid-March through about the end of October each year, Plaintiff worked Monday through Saturday from about 7:00 a.m. until about 6:30 p.m. and one Sunday per month from about 7:00 a.m. until about 5:30 p.m.

28. From about the end of October through about the end of December each year, Plaintiff worked Monday through Saturday from about 7:00 a.m. until about 6:30 p.m. and on Sunday from about 7:00 a.m. until about 5:30 p.m.

29. During the relevant period of his employment, Plaintiff received a thirty-minute break each shift.

30. From about mid-March through about the end of October each year, Plaintiff generally worked sixty-six (66) hours per week, and seventy-six (76) hours if he worked a Sunday.

31. From about the end of October through about the end of December each year, Plaintiff generally worked seventy-six (76) hours per week.

32. During the relevant period of his employment, Defendants paid Plaintiff an hourly rate of pay.

33. During the relevant period of his employment, Defendants paid Plaintiff straight-time for all hours worked.

34. During the relevant period of his employment, Defendants did not pay Plaintiff overtime compensation for any hours that he worked in excess of forty (40) each week.

35. During the relevant period of his employment, Defendants did not pay Plaintiff at least one and one-half times his regular rate of pay for all hours worked in excess of forty (40) per week.

36. Until about December 2019, Defendants failed to provide Plaintiff with complete and accurate earnings statements, paystubs, cash receipts, or any other type of complete and accurate wage statement along with his weekly earnings, as required by NYLL § 195(3).

37. Beginning in about December 2019, Defendants gave Plaintiff inaccurate earning statements that did not represent his true hourly rates of pay or the overtime rates to which he was entitled.

38. Defendant Dubriske participated in the decision to hire Plaintiff.

39. Defendant Dubriske participated in deciding the job duties that Plaintiff performed each day.

40. Defendant Dubriske participated in the supervision of Plaintiff's duties each day.

41. Defendant Dubriske participated in setting Plaintiff's work schedule each week.

42. Defendant Dubriske participated in deciding the hours that Plaintiff worked each day and week.

43. Defendant Dubriske participated in deciding the manner in which Plaintiff was paid each week.

44. Defendant Dubriske participated in deciding Plaintiff's rate(s) of pay.

45. Defendant Dubriske ran the day-to-day operations of Defendant Top of the Line Landscaping during Plaintiff's employment.

46. Defendants managed Plaintiff's employment, including the amount of overtime worked.

47. Defendants dictated, controlled, and ratified the wage and hour and all related employee compensation policies.

48. Defendants were aware of Plaintiff's work hours but failed to pay him the full amount of overtime compensation to which he was entitled under the law.

49. Defendants' failure to pay proper wages in a timely manner was made without good faith, willfully, and with a reckless disregard for Plaintiff's rights and Plaintiff has been damaged by such failures.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT
## 29 U.S.C. § 201 *ET SEQ.*
## FAILURE TO COMPENSATE FOR OVERTIME

50. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

51. The FLSA regulates the payment of wages by employers whose employees are "engaged in commerce or engaged in the production of goods for commerce, or are employed in

an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 207(a)(1).

52. Defendants were and are subject to the overtime pay requirements of the FLSA because the Corporate Defendant is an enterprise engaged in commerce or in the production of goods for commerce.

53. At all times relevant to this Complaint, the Corporate Defendant had, and continues to have, two or more employees handle goods or materials that have moved in interstate commerce, including Plaintiff who has handled landscaping materials, supplies, and equipment that originated outside of the State of New York.

54. Upon information and belief, the gross annual volume of sales made or business done by the Corporate Defendant for the years 2017, 2018, and 2019 was not less than $500,000.00.

55. At all times relevant to this action, Plaintiff was entitled to the rights, benefits, and protections granted by the FLSA, 29 U.S.C. § 207, *et seq*.

56. Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least one and one-half times the employee's regular rate of pay, for all hours worked in excess of forty (40) per week.

57. By the above-alleged conduct, Defendants have violated the FLSA by failing to pay Plaintiff overtime compensation as required by the FLSA.

58. Section 13 of the FLSA, 29 U.S.C. § 213, exempts certain categories of employees from the overtime compensation requirements set forth in Section 207(a)(1) of the FLSA.

59. However, none of the Section 13 exemptions apply to Plaintiff because he has not met the requirements for coverage under the exemptions.

60. Defendants acted willfully and either knew that their conduct violated the FLSA or showed a reckless disregard for the matter of whether their conduct violated the FLSA.

61. Defendants did not act in good faith with respect to the conduct alleged herein.

62. As a result of Defendants' violations of the FLSA, Plaintiff incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation, pursuant to 29 U.S.C. § 216(b).

## COUNT II
## VIOLATION OF THE NEW YORK LABOR LAW
## ARTICLE 6 AND 19
## FAILURE TO COMPENSATE FOR OVERTIME

63. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

64. At all times relevant to this Action, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§ 2 and 651.

65. Under New York law, an employee must be paid overtime, equal to at least one and one-half times the employee's regular rate of pay, for all hours worked in excess of forty (40) per week in the manner and methods provided by the FLSA. 12 N.Y.C.R.R. §§ 142-2.2.

66. By the above-alleged conduct, Defendants failed to pay Plaintiff overtime compensation as required by the New York Labor Law and the Regulations pertaining thereto.

67. By the above-alleged conduct, Defendants failed to pay Plaintiff overtime compensation for the time periods in which he worked in excess of forty (40) hours a week for Defendants.

68. Plaintiff was not exempt from the overtime provisions of the New York Labor Law, because he did not meet the requirements for any of the reduced number of exemptions available thereunder.

69. Defendants acted willfully and either knew that their conduct violated the New York Labor Law or showed a reckless disregard for the matter of whether their conduct violated the New York Labor Law.

70. Defendants did not act in good faith with respect to the conduct alleged herein.

71. As a result of Defendants' violations of the NYLL, Plaintiff incurred harm and loss in an amount to be determined at trial, in addition to liquidated damages, reasonable attorneys' fees, costs, and pre- and post-judgment interest.

## COUNT III
## VIOLATION OF THE NEW YORK LABOR LAW
## NYLL SECTION 195(3)
## FAILURE TO PROVIDE WAGE STATEMENTS

72. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

73. Defendants willfully failed to provide Plaintiff with complete, accurate, and written wage statements with his wages each week as required by NYLL § 195(3), which were to include, among other things, the dates of work covered by each payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof; deductions; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; and the number of regular hours worked and the number of overtime hours worked.

74. Through their knowing and intentional failure to provide Plaintiff with wage statements required by the NYLL, Defendants have willfully violated NYLL §§ 190 *et seq.* and the supporting Regulations.

75. Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover statutory penalties, together with costs and attorneys' fees as provided by NYLL § 198(1-d).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, by and through his attorneys, Neil H. Greenberg & Associates, P.C., demand judgment against Defendants, jointly and severally, and in favor of Plaintiff for a sum that will properly, adequately, and completely compensate Plaintiff for the nature, extent, and duration of the damages, costs of this action, and as follows:

A. Declare and find that Defendants committed one or more of the following acts:

    1. Willfully violated provisions of the FLSA by failing to pay overtime compensation to Plaintiff;

    2. Willfully violated the provisions of the NYLL by failing to pay overtime compensation to Plaintiff;

    3. Willfully violated the provisions of the NYLL by failing to provide Plaintiff with wage notices and wage statements;

B. Award compensatory damages, including all overtime compensation owed in an amount according to proof;

C. Award liquidated damages under the NYLL, or alternatively the FLSA;

D. Award statutory damages under the NYLL;

E. Award interest on all NYLL overtime compensation due accruing from the date such amounts were due;

F. Award all costs and attorneys' fees incurred in prosecuting this action; and

G. Provide such further relief as the Court deems just and equitable.

Dated: Massapequa, New York
       August 10, 2020

                                                Neil H. Greenberg, Esq.
                                                Keith E. Williams, Esq.
                                                Neil H. Greenberg & Associates, P.C.
                                                *Attorneys for the Plaintiff*

4242 Merrick Road
Massapequa, New York 11758
Tel: 516.228.5100
nhglaw@nhglaw.com
keith@nhglaw.com

## FAIR LABOR STANDARDS ACT - CONSENTIMIENTO/CONSENT FORM

Doy mi consentimiento para ser parte demandante en una demanda contra **TOP OF THE LINE LANDSCAPING INC., TIMOTHY DUBRISKE** y / o entidades e individuos relacionados con el fin de obtener reparación por violaciones de la Fair Labor Standards Act, (*Ley de las Normas Laborales Justas*) de conformidad con 29 U.S.C. § 216 (b).

I consent to be a party plaintiff in a lawsuit against **TOP OF THE LINE LANDSCAPING INC., TIMOTHY DUBRISKE** and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216 (b).

**Fecha:**     Massapequa, NY
July 8, 2020

**Firma:**     X _____
Gilberto Ochoa Godinez